UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| DAISY TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:20-cv-01217-GMN-EJY |
| vs. | ) | |
| | ) | **ORDER** |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

Pending before the Court is the Motion to Dismiss, (ECF No. 10), filed by Defendant Federal National Mortgage Association ("Fannie Mae"). Plaintiff Daisy Trust ("Plaintiff") filed a Response, (ECF No. 16), and Fannie Mae filed a Reply, (ECF No. 20).

Also pending before the Court is Plaintiff's Counter Motion for Discovery Pursuant to Rule 56(d), (ECF No. 17).[1] Fannie Mae filed a Response, (ECF No. 21), to which Plaintiff filed a Reply, (ECF No. 22).

For the reasons discussed below, the Court **GRANTS** Fannie Mae's Motion to Dismiss and **DENIES as moot** Plaintiff's Counter Motion for Discovery.

I.   **BACKGROUND**

This case arises from the non-judicial foreclosure sale of the real property located at 422 Dune Ridge Avenue, North Las Vegas, Nevada 89031 (the "Property"). (*See* Deed of Trust

---

[1] Plaintiff filed its Response to Fannie Mae's Motion to Dismiss and Counter Motion for Discovery in one Motion; however, the Motion was docketed separately. (*See* Pl.'s Resp. to Fannie Mae's Mot. Dismiss ("MTD"), ECF No. 16); (*see also* Pl.'s Counter Mot., ECF No. 17).

1 ("DOT"), Ex. A to Fannie Mae's Mot. Dismiss ("MTD"), ECF No. 10-1).[2] On August 21, 2007, Milleisha L. Nelson and Dewayne L. Gordon (collectively, "Borrowers") financed the purchase of the Property, as joint tenants, by way of a $264,000.00 loan secured by a DOT identifying Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. (*Id*. at 3). The DOT was recorded on August 27, 2007. (*Id*.). MERS then assigned its interest to MetLife Home Loans, a division of MetLife Bank ("MetLife"). (Compl. ¶ 8, Ex. A to Pet. Removal, ECF No. 1). MetLife later assigned its interest to Fannie Mae. (*Id*. ¶ 9).

Borrowers failed to pay the payment of principal and interest, which became due on March 1, 2009. (*Id*. ¶ 11). Plaintiff alleges that Fannie Mae then sent an Acceleration or Breach Letter ("Letter") to Borrowers pursuant to Fannie Mae's Single Family Servicing Guide. (*Id*. ¶ 12). The Single Family Servicing Guide, Plaintiff alleges, requires Fannie Mae to "deliver to the borrower an Acceleration or Breach Letter within forty-five (45) and sixty-two (62) days after the payment due date related to the borrower's breach." (*Id*.). Plaintiff alleges that the Letter thereby "caused the debt related to the First Deed of Trust to be accelerated not later than between 45 and 62 days after March 1, 2009." (*Id*. ¶ 13). On April 1, 2010, Fannie Mae recorded a Notice of Default. (Notice of Breach Recorded Apr. 1, 2010, Ex. B to MTD, ECF No. 10-2). Fannie Mae then recorded a Notice of Recission on June 6, 2011. (Notice of Recission, Ex. C to MTD, ECF No. 10-3).

Upon Borrowers' failure to stay current on their loan obligations, Santa Rosa Homeowners Association ("HOA") initiated foreclosure proceedings on the Property through its agent, Nevada Association Services ("NAS"). (Notice of Delinquent Assessment Lien, Ex.

---

[2] Plaintiff requests the Court take judicial notice of Exhibits A–N. (MTD 4:22–28). The Court takes judicial notice of only Exhibits A–N. Exhibits A–E and H–N involve matters of public record recorded in the Clark County Recorder's Office and are appropriate for judicial notice under Federal Rules of Evidence 201(b)(2). *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986) ("On a motion to dismiss, a court may also take judicial notice of 'matters of public record.'"). Exhibits E–G involve public records from the Nevada Supreme Court in Case No. 77190. *See Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001). Accordingly, it is proper for the Court to consider Exhibits A–N when reviewing the pending Motion to Dismiss.

K to MTD, ECF No. 10-11).  In December 2012, HOA via NAS recorded a Notice of Default and Election to Sell. (Notice of Default and Election to Sell, Ex. L to MTD, ECF No. 10-12). HOA recorded a Notice of Sale on March 7, 2012. (Notice of Foreclosure Sale, Ex. M to MTD, ECF No. 10-13).

Plaintiff alleges that Fannie Mae later foreclosed on the Property around January 1, 2020 and purportedly purchased the Property at its own foreclosure sale. (Compl. ¶¶ 19–20). Plaintiff further alleges that Fannie Mae recorded a Trustee's Deed Upon Sale on January 14, 2020, purportedly vesting title of the Property to Fannie Mae. (*Id*. ¶ 20).

Plaintiff accordingly filed a complaint in state court in April 2020, alleging: (1) quiet title/declaratory judgment; (2) slander of title; (3) unjust enrichment; (4) fraud and misrepresentation; (5) equitable relief – wrongful foreclosure; and (6) equitable relief – recission. (*Id*. ¶¶ 22–82).  Defendant Fannie Mae then removed the action to federal court on the basis of federal question jurisdiction. (Pet. Removal ¶ 4, ECF No. 1).  Fannie Mae accordingly filed the instant Motion to Dismiss.

## II.    LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**III. DISCUSSION**

Plaintiff's claims arise from Nevada Revised Statute ("NRS") 106.240, which creates a "conclusive presumption that a lien on real property is extinguished" ten (10) years after the debt becomes "wholly due." *Pro-Max Corp. v. Feenstra*, 16 P.3d 1074, 1077 (Nev. 2001); (Compl. ¶¶ 15–17). According to Plaintiff, the debt secured by the First DOT was satisfied and

discharged under NRS 106.240 in 2019 and therefore, Fannie Mae purchased an invalid and non-existent DOT at the second foreclosure sale in 2020. (Compl. ¶¶ 17–21).

Fannie Mae moves to dismiss Plaintiff's claims by arguing that NRS 106.240 does not apply to the facts here and therefore, cannot support Plaintiff's request for quiet title, declaratory relief, or injunctive relief. (MTD 5:10–19). Specifically, Fannie Mae first argues that the unrecorded Letter from Fannie Mae to Borrowers did not accelerate the loan under NRS 106.240. (*Id*. 5:21–9:6). Fannie Mae further argues that the mortgage's terms dictate when the debt becomes "wholly due" for purposes of NRS 106.240, and thus acceleration pursuant to a Notice of Default has no effect. (*Id*. 9:7–10:16). Fannie Mae's third argument is that even if the mortgage was accelerated, the Notice of Recission decelerated the loan and negated any application of NRS 106.240. (*Id*. 10:17–11:22). Lastly, Fannie Mae contends that the ten-year period during litigation should be tolled as a matter of equity. (*Id*. 11:23–15:11). The Court discusses each argument in turn.

**A. Unrecorded Letter**

Strictly interpreting NRS 106.240, Fannie Mae contends that the statute only considers two written instruments: (1) the DOT itself and (2) any recorded extension thereof. (*Id*. 6:8–11). Because an unrecorded document is neither of the two listed instruments, Defendant argues that the unrecorded Letter cannot make a DOT "wholly due" under NRS 106.240. (*Id*. 5:21–9:6). Plaintiff, in response, alleges that dismissal is improper given that the alleged Letter explicitly includes the word "Acceleration" and therefore, the letter properly accelerated the loan under NRS 106.240. (Pl.'s Resp. 6:14–8:4, ECF No. 16).

NRS 106.240 specifically states:

> The lien heretofore or hereafter created of any mortgage or deed of trust upon any real property, appearing of record, and not otherwise satisfied and discharged of record, shall at the expiration of 10 years after the debt secured by the mortgage or *deed of trust* according to the terms thereof or any *recorded written extension*

> thereof become wholly due, terminate, and it shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged.

*See* NRS 106.240 (emphasis added).  The Supreme Court of Nevada has not directly addressed what triggers acceleration of debt under NRS 106.240.  The Nevada Supreme Court, however, has recognized that "the activation of an acceleration clause requires some affirmative conduct on the part of the lender." *Clayton v. Gardner*, 107 Nev. 468, 470, 813 P.2d 997, 998 (1991) (interpreting the acceleration clause embedded in two promissory notes).  A plain reading of NRS 106.240 suggests that two documents can trigger acceleration under the statute—a DOT and a recorded written extension. *See* Nev. Rev. Stat. 106.240.  "Where the language of a statute is plain and unambiguous, and its meaning clear and unmistakable, there is no room for construction, and the courts are not permitted to search for its meaning beyond the statute itself." *State v. Jepsen*, 46 Nev. 193, 196, 209 P. 501, 502 (1922).  Indeed, the Nevada Supreme Court in *Pro-Max Corp.* concluded that NRS 106.240 is "clear and unambiguous" in which "no further interpretation is required or permissible." *Pro-Max Corp.*, 16 P.3d at 1076; *see also Rizvi v. United States Bank Nat'l Ass'n Not Individually*, 2020 Nev. Dist. LEXIS 652, *4 ("The *Pro-Max* decision rejected an attempt to read words into NRS 106.240 that are not there . . . and the Nevada Supreme Court also rejected an attempt to insert a notarization requirement to a written extension of the debt's terms.").  Under the plain language of the statute, either a DOT or recorded written extension constitutes an affirmative act that triggers acceleration under NRS 106.240.

Nevada state trial courts have similarly interpreted NRS 106.240, finding that the statute is triggered by only two types of documents. *Compare Hofele v. Deutsche Bank Nat'l Trust*, 2018 Nev. Dist. LEXIS 953, *11 ("The plain meaning of the statute also states that the due date can be extended upon a recorded written document extending the terms."); and *Rizvi v. United States Bank Nat'l Ass'n Not Individually*, 2020 Nev. Dist. LEXIS 652, at *9 ("This policy is

found in NRS 106.240's limiting its application to two categories of documents, both of which must be recorded, and neither of which permit reduction—only extension—of the wholly due date."); *with Lampman v. Red Rock Country Club Homeowners Ass'n*, 2020 Nev. Dist. LEXIS 120, *6 ("There are ways to create an acceleration, but it does not have to be by way of recordation.").[3]  Other courts in this district generally agree, finding that a recorded Notice of Default triggers acceleration under the statute. *See Mortgage v. Torrey Pines Ranch Estates Homeowners Ass'n*, No. 2:16-cv-00375-JAD-BNW, 2021 U.S. Dist. LEXIS 32245, at *15 (D. Nev. Feb. 19, 2021) (finding that "the due date became accelerated when the beneficiary of the deed of trust recorded a Notice of Default and Election to Sell Under Deed of Trust"); *Bank of Am., N.A. v. Solera at Stallion Mt. Homeowners Ass'n*, No. 2:16-cv-00286-GMN-GWF, 2021 U.S. Dist. LEXIS 4705, at *11 (D. Nev. Jan. 11, 2021) (pointing to the recorded Notice of Default and Election to Sell as "evidence that . . . [the Bank] accelerated the mortgage on the Property"); *Valin v. Mortgage*, No. 2:19-cv-01785-GMN-DJA, 2020 U.S. Dist. LEXIS 144132, at *10 (D. Nev. Aug. 11, 2020) (finding that the Bank accelerated the Mortgage through the recorded Notices of Default).

As applied here, an unrecorded letter cannot trigger acceleration under NRS 106.240. Notably, Plaintiff does not appear to address the unrecorded status of the Letter, focusing instead on the fact that the Letter accelerated the debt. (Pl.'s Resp. 6:14–8:4).  Plaintiff asserts that "[i]t is hard to comprehend how sending an 'Acceleration or Breach Letter' would not constitute affirmative conduct providing a borrower with notice that his or her debt had been

---

[3] While the Nevada District Court in *Lampman v. Red Rock County Club Homeowners Ass'n* determined that a Notice of Intent to Accelerate Letter, the Nevada District Court did not provide analysis in support of its finding. Indeed, the Nevada District Court generally states," [b]ased on the language of NRS 106.240 and the Nevada Supreme Court's interpretation . . . there are ways to create an acceleration, but it does not have to be by way of recordation." *Lampman v. Red Rock Country Club Homeowners Ass'n*, 2020 Nev. Dist. LEXIS 120, *6. Without supporting citations, the Court does not find the Nevada District Court's finding persuasive, particularly in light of other court's decisions in this district and the Nevada Supreme Court's determination that NRS 106.240 is a "clear and unambiguous" statute. *Pro-Max Corp.*, 16 P.3d at 1076.

accelerated." (*Id*. 7:21–23).  As discussed above, acceleration under NRS 106.240 requires specific affirmative conduct through a DOT or a recorded written instrument under a plain reading of the statute. *See* NRS 106.240.  Furthermore, Plaintiff solely alleges that Borrowers received the Letter; however, does not allege whether the Letter was recorded. *Twombly*, 550 U.S. at 555 (finding that a pleading must give fair notice of a legally cognizable claim and the grounds on which it rests).  Given that the Court only assesses a motion to dismiss based upon the sufficiency of the facts alleged in a plaintiff's complaint and an unrecorded instrument cannot trigger NRS 106.240 as a matter of law, the Court finds that Plaintiff fails to allege sufficient facts to demonstrate that NRS 106.240 applies to the instant case.  Because Plaintiff's Complaint solely rests on the application of NRS 106.240 via the Letter,[4] Plaintiff cannot state a legally plausible claim for relief, warranting dismissal of the Complaint.[5]

### B. Leave to Amend

If the Court grants a motion to dismiss, it must then decide whether to grant leave to amend.  The Court will "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

---

[4] Plaintiff's six causes of action are premised on the argument that Fannie Mae accelerated the debt secured by the First DOT via the Letter and therefore, the First DOT was extinguished as a matter of law prior to Fannie Mae's foreclosure sale in 2020. (*See* Compl. ¶ 21) ("Because the First Deed of Trust was extinguished by operation of law not later than between approximately April 15, 2019 and May 2, 2019, the Bank Foreclosure Sale dated January 1, 2020, and *all subsequent transfers related to the Property were and are invalid, void and unenforceable*.") (emphasis added).

[5] Given that Fannie Mae's other three claims are stated in the alternative and the Court grants Fannie Mae relief, the Court does not address the other arguments in Fannie Mae's Motion to Dismiss. (*See* MTD 2:14–28).

The Court will not provide Plaintiff leave to amend.  The Complaint's claims arise solely from allegations concerning the debt's discharge under NRS 106.240 due to the alleged Letter. (Compl. ¶¶ 13–18).  As explained above, Plaintiff's claims cannot succeed under those alleged facts.  Because Plaintiff does not seek to otherwise amend or explain what additional facts not currently alleged might render the claims plausible,[6] the Court has no basis to presume that additional factual allegations concerning the unrecorded Letter could cure the deficiencies with Plaintiff's claims.

### C. Counter Motion for Discovery

Plaintiff additionally requests further discovery pursuant to Rule 56(d) if the Court converts the Motion to Dismiss into a Motion for Summary Judgment. (Pl.'s Counter Motion 15:11–17:3, ECF No. 17).  "A motion to dismiss made under Federal Rule of Civil Procedure 12(b)(6) must be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56 if either party to the motion to dismiss submits materials outside the pleadings in support or opposition to the motion, and if the district court relies on those materials." *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996).  Though Fannie Mae submitted exhibits outside the pleadings in support of its Motion to Dismiss, the Court does not rely on those materials in finding that an unrecorded letter does not trigger acceleration under NRS 106.240. *See Pro-Max Corp.*, 16 P.3d at 1076 (2001) (finding NRS 106.240 "clear and unambiguous").  The Court accordingly denies as moot Plaintiff's Counter Motion for Discovery.

---

[6] The Court notes that Plaintiff requests an opportunity to conduct discovery under Rule 56(d) to "investigate exactly when and how the debt secured by the First Deed of Trust was accelerated and whether it was subsequently decelerated." (Pl.'s Counter Mot. 16:22–24).  Further discovery, however, will not remedy the fact that the claims, as alleged, are not legally plausible.  Plaintiff's theory hinges on the existence of an Acceleration or Breach Letter based on Plaintiff's understanding of the Fannie Mae Servicing Guide which purportedly mandates Fannie Mae to send an Acceleration Letter within a specific time period. (Pl.'s Resp. 7:24–8:4).  The existence of the Letter will not alter the Court's finding that an unrecorded document, under a plain reading of the statute, cannot trigger acceleration under NRS 106.240.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 10), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Counter Motion for Discovery, (ECF No. 17), is **DENIED as moot**.

The Clerk of Court is hereby instructed to close the case and enter judgment accordingly.

**DATED** this __31__ day of March, 2021.

_____
Gloria M. Navarro, District Judge
United States District Court