FILED

MAR 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAISY TRUST, a Nevada trust,<br><br>        Plaintiff-Appellant,<br><br> v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>        Defendant-Appellee. | No.   21-15595<br><br>D.C. No.<br>2:20-cv-01217-GMN-EJY<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Argued and Submitted February 18, 2022
San Francisco, California

Before: McKEOWN and W. FLETCHER, Circuit Judges, and BENNETT,[**] District Judge.

Nevada Revised Statutes § 106.240 "creates a conclusive presumption that a lien on real property is extinguished ten years after the debt becomes due." *Pro-Max*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

*Corp. v. Feenstra*, 16 P.3d 1074, 1077 (Nev. 2001) (per curiam). This statute provides as follows:

> The lien heretofore or hereafter created of any mortgage or deed of trust upon any real property, <u>appearing of record</u>, and not otherwise satisfied and discharged of record, shall at the expiration of 10 years after the debt secured by the mortgage or deed of trust <u>according to the terms thereof</u> or <u>any recorded written extension thereof</u> become <u>wholly due</u>, terminate, and it shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged.

Nev. Rev. Stat. § 106.240 (emphasis added). This appeal turns on whether an <u>unrecorded</u> notice of acceleration can trigger the ten-year statutory clock provided by § 106.240 and extinguish a deed of trust. The district court granted Fannie Mae's motion to dismiss, holding that an unrecorded notice cannot trigger this provision. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

This foreclosure dispute centers on a property located in North Las Vegas, governed by a homeowners' association ("HOA"), and held subject to a deed of trust that was assigned to Fannie Mae. In 2009, the residential property owners fell behind on their monthly payments to both entities. Fannie Mae issued a Notice of Default in 2010 but recorded a Notice of Recission in 2011. The HOA foreclosed on the property in 2012, and Daisy Trust purchased the property at the foreclosure sale.

From 2014 to 2019, Daisy Trust litigated a quiet title action against Fannie Mae in Nevada state court. The Nevada trial court granted Fannie Mae summary judgment, and Daisy Trust appealed, only to voluntarily dismiss its appeal in 2019.

2

Subsequently, Daisy Trust filed the instant suit in Clark County, Nevada, alleging that Nev. Rev. Stat. § 106.240 extinguished the Deed of Trust in 2020, just following the prior state court litigation. Fannie Mae removed the case to the United States District Court for the District of Nevada on June 30, 2020. Before the district court, and on appeal, Appellant's case rests on a bald allegation that Fannie Mae must have issued a Notice of Default "not later than between 45 and 62 days after March 1, 2009." Whether or not such a notice was issued, the record clearly reflects that it was never recorded.

We review a district court's ruling on a motion to dismiss de novo, applying the same standard of review as the district court. *Bafford v. Northrop Grumman Corp.*, 994 F.3d 1020, 1025 (9th Cir. 2021). In evaluating a motion to dismiss, a court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Id.* (quoting *Curtis v. Irwin Indus., Inc.*, 913 F.33d 1146, 1151 (9th Cir. 2019)). To survive a motion to dismiss for failure to state a claim, the complaint must "contain[] enough facts to 'state a claim to relief that is plausible on its face.'" *Plaskett v. Wormuth*, 18 F.4th 1072, 1083 (9th Cir. 2021) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010)).

The district court's holding was correct on the facts and the law. First, Nevada law requires a notice of default to be recorded. Nev. Rev. Stat. § 107.080, which

3

governs the power of sale and prerequisites for a private foreclosure, contains the following provisions:

> [§ 107.080.2(a)(2):] The power of sale must not be exercised . . . until . . . a beneficiary . . . has, for a period of 35 days . . . failed to make good the deficiency in performance or payment;
>
> [§ 107.080.3:] The 15- or 35-day period provided in paragraph (a) of subsection 2 commences on the first day following the day upon which the notice of default and election to sell is recorded . . .
>
> [§ 107.080.3:] [A]cceleration must not occur if the deficiency in performance or payment is made good . . . within the time specified in subsection 2.

Nev. Rev. Stat. § 107.080. The effect of these provisions is that acceleration cannot occur until the conclusion of the 35-day period allotted for the borrower to cure the deficiency—and that this period does not begin to run until the notice of default has been recorded. Accordingly, whether Fannie Mae issued an unrecorded acceleration notice in 2009 is legally irrelevant. Such a notice could not have rendered its debt "wholly due."

Second, even if acceleration were deemed to have occurred, Fannie Mae's rescission decelerated the debt and reset the statutory clock. Nevada statutes and case law provide that a valid rescission decelerates the debt and restores the contracting parties to their previous positions. Nev. Rev. Stat. § 107.550(3); *Holt v. Reg'l Tr. Servs. Corp.*, 266 P.3d 602, 606 (Nev. 2011) (en banc) ("Rescission . . . resets the right-to-cure and other time periods provided by law for the debtor's

protection . . . ."). It is undisputed that Fannie Mae recorded its Notice of Rescission on June 6, 2011. Pursuant to Nevada law, this Rescission reset the statutory clock by revoking any prior acceleration that may have occurred. Accordingly, Daisy Trust's argument fails as a matter of law.

**AFFIRMED.**

# United States Court of Appeals for the Ninth Circuit

**Office of the Clerk**
95 Seventh Street
San Francisco, CA 94103

**Information Regarding Judgment and Post-Judgment Proceedings**

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

**Petition for Panel Rehearing (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

**(1) A. Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
    ▶ A material point of fact or law was overlooked in the decision;
    ▶ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
    ▶ An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

**B. Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:

- ▶ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
- ▶ The proceeding involves a question of exceptional importance; or
- ▶ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2)  Deadlines for Filing:**
- A petition for rehearing may be filed within 14 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication.  9th Cir. R. 40-2.

**(3)  Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4)  Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- A response, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or response must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms.*
- You may file a petition electronically via the appellate ECF system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms.*

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-7806.

**Petition for a Writ of Certiorari**
- Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send an email or letter **in writing within 10 days** to:
  - ▶ Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Maria Evangelista (maria.b.evangelista@tr.com));
  - ▶ and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 10. Bill of Costs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form10instructions.pdf

**9th Cir. Case Number(s)**

**Case Name**

The Clerk is requested to award costs to *(party name(s))*:

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature**                                                                 **Date**

*(use "s/[typed name]" to sign electronically-filed documents)*

| COST TAXABLE | REQUESTED *(each column must be completed)* | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| **Principal Brief(s)** *(Opening Brief; Answering Brief; 1st, 2nd, and/or 3rd Brief on Cross-Appeal; Intervenor Brief)* | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee / Appeal from Bankruptcy Appellate Panel Docket Fee | | | | $ |
| | | | **TOTAL:** | $ |

***Example:*** Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:
No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);
TOTAL: 4 x 500 x $.10 = $200.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 10**                                                                 *Rev. 12/01/2021*